# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY, KANSAS

| | |
|---|---|
| AMANDA SPRING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BLACK & DECKER CORPORATION | ) |
| Serve Registered Agent: | ) |
| CSC-Lawyers Incorporating Service Company | ) |
| 7 St. Paul St., Ste. 820 | ) |
| Baltimore, MD 21202 | ) |
| | ) |
| and | ) |
| | ) |
| SPECTRUM BRANDS, INC. | ) |
| Serve Registered Agent: | )   Case No. |
| Corporation Service Company | ) |
| 251 Little Falls Dr. | ) |
| Wilmington, DE 19808 | )   Division: |
| | ) |
| and | ) |
| | ) |
| EMPOWER BRANDS, LLC | ) |
| Serve Registered Agent: | ) |
| Corporation Service Company | ) |
| 251 Little Falls Dr. | ) |
| Wilmington, DE 19808 | ) |
| | ) |
| and | ) |
| | ) |
| TARGET CORPORATION | ) |
| Serve Registered Agent: | ) |
| CT Corporation System | ) |
| 1010 Dale St. N | ) |
| St. Paul, MN 55117 | ) |
| | ) |
| Defendants. | ) |

1

## COMPLAINT

For her Complaint against Defendants The Black & Decker Corporation, Spectrum Brands, Inc., Empower Brands, LLC, and Target Corporation (collectively "Defendants"), Plaintiff Amanda Spring states:

## PARTIES

1. Plaintiff Amanda Spring is an individual who resides in and is a citizen of Shawnee, Johnson County, Kansas.

2. Defendant The Black & Decker Corporation ("Black & Decker") is a Maryland corporation with its principal place of business in Townson, Maryland. It is a Maryland citizen and can be served though its registered agent who may be served at 7 St. Paul St., Ste. 820, Baltimore, MD 21202.

3. Defendant Spectrum Brands, Inc. ("Spectrum") is a Delaware corporation, is a Delaware citizen, and can be served though its registered agent who may be served at 251 Little Falls Dr., Wilmington, DE 19808.

4. Defendant Empower Brands, LLC ("Empower") is a Delaware limited liability company, subsidiary of Defendant Spectrum Brands, Inc., citizen of Delaware, and can be served its registered agent who may be served at 251 Little Falls Dr., Wilmington, DE 19808.

5. Defendant Target Corporation ("Target") is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. It is a Minnesota citizen and can be served its registered agent who may be served at 1010 Dale St. N, St. Paul, MN 55117.

**JURISDICTION AND VENUE**

6. Plaintiff alleges an amount in controversy in excess of $75,000, exclusive of interest and costs.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendants.

8. The Court has personal jurisdiction over Defendants because, at all times relevant to this Complaint:

   a. Defendants conducted business in Kansas;

   b. Defendants operated corporate entities in Kansas, directly or through their subsidiaries;

   c. Defendants generated revenue from Kansas consumers, directly or through their subsidiaries;

   d. Defendants profited from Kansas consumers, directly or through their subsidiaries;

   e. Defendants are registered to do business in Kansas;

   f. Defendants employees communicated directly with Kansas residents, including but not limited to Plaintiff, regarding injuries to Kansas residents;

   g. Defendants interacted with Plaintiff, a Kansas resident, about her injuries and purchase of the steamer, both in Kansas and which form the basis of this suit; and

      h.  Defendants caused or contributed to cause Plaintiff to suffer damages in Kansas as further described in this Complaint.

9.     As described in Paragraph 8, Defendants maintain systemic, substantial, and continuous contacts in the State of Kansas such that this Court's exercise of personal jurisdiction over Defendants is appropriate.

10.    Maintaining suit against Defendants here does not offend traditional notions of fair play and substantial justice, and Defendants should reasonably anticipate being haled into Court here, because Defendants have the requisite minimum contacts with Kansas as described in Paragraph 8.

11.    Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(b)(3) because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in this District and because Defendants are subject to personal jurisdiction in this District.

## **COMMON ALLEGATIONS**

12.    On or about July 30, 2021, Plaintiff purchased a Black & Decker handheld steamer HGS011 (the "steamer") at a Target store located in Kansas.

13.    Defendants Spectrum and Empower Brands, either directly or through their respective agents, design, manufacture, and distribute the steamer nationwide.

14.    Defendant Target sells steamers nationwide.

15.    On or about September 21, 2022, Plaintiff was using the steamer in its reasonably intended fashion, steaming an item of clothing.

16. As Plaintiff was using the steamer for its intended purpose, in a manner reasonably anticipated by Defendants, the steamer malfunctioned or otherwise failed to work as intended and in a safe manner.

17. As Plaintiff was using the steamer for its intended purpose, in a manner reasonably anticipated by Defendants, the steamer severely burned Plaintiff's right arm.

18. Plaintiff notified Defendant Black & Decker that the steamer injured her.

19. Defendant Black & Decker instructed Plaintiff to ship the steamer back to it.

20. On or about January 12, 2023, at Defendant Black & Decker's instruction, Plaintiff mailed the steamer to Defendant Black & Decker.

21. Defendant Black & Decker has issued two recalls for the steamer.

22. Defendant Black & Decker's first recall for the steamer was in November of 2022.

23. In its November 2022 recall, Defendant Black & Decker recalled approximately 500,000 steamers.

24. On April 4, 2024, Black & Decker recalled approximately 1.6 million steamers, stating the steamers can "…expel, spray, or leak hot water during use, posing a burn hazard to customers."[1]

25. Defendants designed, manufactured, advertised/marketed, distributed, and sold the subject steamer involved in the incident.

26. At the time of the incident, the subject steamer was not past its "useful life."

---

[1] https://www.cpsc.gov/Recalls/2024/Two-Million-Black-Decker-Garment-Steamers-Recalled-by-Empower-Brands-in-Major-Recall-Expansion-Due-to-Burn-Hazard-Refund-Now-Offered

27. Defendants intend the steamer (HGS011) to last multiple years.

28. Defendants do not disclose or tell owners or potential owners of their products that the steamer at issue (HGS011) has a useful life of less than two years.

## COUNT I – STRICT LIABILITY – PRODUCT LIABILITY
## ALL DEFENDANTS

29. Plaintiff incorporates by reference all preceding paragraphs.

30. Defendants are engaged in the business of designing, manufacturing, testing, marketing, distributing, and/or selling steamers, including the subject steamer at issue in this case.

31. The subject steamer was in a defective condition and unreasonably dangerous to people who might be expected to use the product.

32. The subject steamer was in a defective condition at the time it left Defendants' control.

33. The subject steamer was expected to reach and did reach the hands of consumers, including but not limited to Plaintiff, without substantial change in the condition in which it was manufactured and sold.

34. The subject steamer was unreasonably dangerous when it was used in the way it was ordinarily used considering the product's characteristics and common usage.

35. The subject steamer was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased it, with ordinary knowledge common to the community as to its characteristics.

36. Specifically, the subject steamer was defective and unreasonably dangerous because:

    a. It suffered from a defect that caused, exacerbated, or contributed to cause an inability to maintain the temperature of the subject steamer while Plaintiff was operating it, causing Plaintiff to be burned by the subject steamer; or

    b. It suffered from a defect that caused or contributed to cause the steamer to emit liquid, steam, or otherwise hot water onto Plaintiff's skin, causing a significant burn injury.

37. The defect in the subject steamer was the cause or contributed to cause Plaintiff's injuries and damages as described in this complaint.

38. As a direct and proximate result of the defective condition of the subject steamer, Plaintiff has sustained damages, including but not limited to medical expenses, pain and suffering, mental anguish, permanent scarring and disfigurement, and other damages as permitted under Kansas law.

WHEREFORE, Plaintiff Amanda Spring respectfully requests that the Court grant judgment in her favor on Count I of her complaint, award damages against Defendants in excess of Seventy-Five Thousand Dollars ($75,000.00) for damages described in this complaint, award all available pre- and post-judgment interest, award fees and costs as the law permits, and award all other relief the Court deems just and appropriate.

## COUNT II – NEGLIGENCE
## ALL DEFENDANTS

39. Plaintiff incorporates by reference all preceding paragraphs.

40. Defendants Black & Decker, Spectrum, and Empower owed Plaintiff a duty of ordinary care, including but not limited to a duty of ordinary care to act as a reasonably careful steamer manufacturer in the same business as Defendants would act.

7

41. Defendant Target owed Plaintiff a duty of ordinary care, including but not limited to, a duty of ordinary care to act as a reasonably careful steamer distributor and/or seller in the same business as Defendants would act.

42. Defendants breached their respective duties of care and were thereby negligent in the following respects:

    a. Defendants designed, manufactured, tested, marketed, distributed, and/or sold the subject steamer with a defect that caused, exacerbated, or contributed to cause Plaintiff's injury;

    b. Defendants failed to properly test the steamer;

    c. Defendants failed to inspect the steamer for defects prior to it leaving their control; and/or

    d. Defendants failed to properly warn Plaintiff and others regarding the potential dangers associated with using the steamer as recommended.

43. As a direct and proximate result of Defendants' negligence, Plaintiff sustained damages, including but not limited to medical expenses, pain and suffering, mental anguish, permanent scarring and disfigurement, and other damages as permitted under Kansas law.

WHEREFORE, Plaintiff Amanda Spring respectfully requests that the Court grant judgment in her favor on Count II of her complaint, award damages against Defendants in excess of Seventy-Five Thousand Dollars ($75,000.00) for damages described in this complaint, award all available pre- and post-judgment interest, award fees and costs as the law permits, and award all other relief the Court deems just and appropriate.

## COUNT III – PUNITIVE DAMAGES
## ALL DEFENDANTS

43. Plaintiff incorporates by reference all previous paragraphs.

44. At Defendant Black & Decker's instruction, Plaintiff returned the steamer that injured her.

45. After Plaintiff returned the steamer, Defendant Black & Decker asked Plaintiff to preserve the steamer.

46. Presumably, Defendant Black & Decker, or one of its agents, destroyed the steamer once Plaintiff returned it.

47. Despite Defendants knowing about Plaintiff's injuries and claim for damages, Defendants failed to preserve evidence related to Plaintiff's claims.

48. Defendants destroyed evidence to escape liability in this matter and to reduce Plaintiff's ability to demonstrate how the steamer injured her.

49. Defendants' acts and omissions described above were done willfully, wantonly, fraudulently, and/or maliciously, with an intent to further injure Plaintiff.

50. Defendants' acts and omissions described above were done with reckless indifference to Plaintiff's health, safety, and wellness.

51. Defendants' acts and omissions described above were done with a financial motive.

WHEREFORE, Plaintiff Amanda Spring respectfully requests that the Court grant judgment in her favor on Count III of her complaint for punitive damages and award punitive damages against Defendants as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all counts.

Respectfully submitted,

**INJURY LAW ASSOCIATES, LLC**

*/s/ Michael P. Waddell*
Michael P. Waddell     KS #13272
Rachel E. Smith        KS #19347
701 E. 63rd St., 3rd Floor
Kansas City, MO 64110
P: (816) 866-7711
F: (816) 866-7715
mwaddell@accidentlawkc.com
rsmith@accidentlawkc.com

and

**MCGREEVY LAW, LLC**

*/s/ Joe M. McGreevy*
Joe M. McGreevy        KS #25857
701 E. 63rd St., Ste. 308
Kansas City, MO 64110
P: (913) 386-8363
F: (913) 355-1099
Joe@McGreevyLawLLC.com

**ATTORNEYS FOR PLAINTIFF**